Pearl Seklir, Plaintiff, *v.* James C. Penney, Defendant.

Supreme Court, Westchester County, November 26, 1930.

*Gwinn & Pell* [*John B. Butler, Jr.,* of counsel], for the motion.

*Joseph A. Shay* and *David Bernstein,* opposed.

Bleakley, J. The motion to dismiss the complaint upon the ground that the judgment in *Matter of Robineau* v. *DeLong* in the Florida Supreme Court, is *res adjudicata,* is denied.

The question before the Florida court was whether the deposit under the contract sued on should be paid to the defendant or plaintiff's assignor by the receivers.

The court directed the return to the defendant upon the ground that he was the party who deposited it with the receivers.

Upon appeal from an order directing the receivers to pay the money to the defendant Penney, there was but one assignment of error considered, namely whether the lower court was right in making such an order.

In its opinion the higher court said: " It was entirely proper for the Judge upon such report if not otherwise advised, to order a refund of the money to Penney, for according to the report Penney was then the purchaser and by every reasonable construction of the report he it was who had made the deposit."

The court further said: " But the Court was further advised of the true situation. Robineau also requested the return to himself of the Fifty Thousand Dollars, and asked to be heard by the Court in that behalf. He filed an answer setting forth in detail all the circumstances leading up to his connection with the Penman bid, and related in detail the transaction between himself and Penney. He

appended to his 'answer' a copy of the contract or agreement with Penney so that such contract was before the court for consideration, Robineau complained in his answer, and insisted before the court at the hearing, that Penney had violated his contract, in failing to notify him ten days in advance of his intention to refuse to consummate the purchase, and that, therefore, the money should be returned to him.

"Suppose Penney did violate his contract. That would in no way change the situation so far as the court and the receivers were concerned. Penney would still be the substituted purchaser, and still be the man who paid the money to the receivers. For the court to order the deposit returned to Penney would in no sense be an endorsement by the court of any act of Penney's in violation of his contract. *At the very most it would merely be the equivalent of a declaration by the court that the quarrel between them was not properly before the court for determination. Neither would it amount to denial to the appellant of the constitutional right to have the cause determined by a jury (by forcing Penney to sue for recovery of the money). The order to return the money to Penney in no manner denied or restricted Robineau from maintaining an action at law for whatever damages he might be entitled by reason of the alleged breach of contract by Penney.*

"However, it might be well in this connection to further consider the contentions of appellant *to the extent of an examination of the contract* or agreement between him and Penney. The alleged violation or breach brings squarely before the court section 7 of the contract, which reads as follows:

"'It is also understood that the purchaser [meaning Penney] shall in all respects be substituted for the vendor [meaning Robineau] as the accepted bidder for the said properties and in the event that said sale is not consumated as provided and that there is to be a refund of the said Fifty Thousand Dollars ($50,000.00) that the said refund shall be made directly to purchaser, provided, however, that the purchaser shall at least ten days in advance, notify the vendor in writing of his decision to abandon the consummation of the receiver's sale, and at the same time shall reassign to the vendor all rights, title and interest herein acquired and obtained in said property owned by said receivers.'

"It is contended by appellant that Penney breached the contract in failing to notify Robineau ten days in advance of his decision to abandon the purchase. It is admitted that Penney re-assigned the contract.

"The appellant having thus brought to the attention of the court the contract which is made the basis of his complaint, there

is no escape from the express terms of section seven wherein it is stated that Penney was substituted for Robineau as purchaser, and that if there was to be any return of the deposit it should be made to Penney. Section 3 of the contract expressly provides that the Fifty Thousand Dollars was to be paid by the purchaser [meaning Penney] and that such amount was to be no part of the consideration moving to Robineau, but was to be applied towards the purchase price to the receivers. By section 4 Penney assumed all liability on the bid to the receivers and there is the further provision that the sum paid to the receivers by Penney should not be deductible from any part of the amount to be paid to Robineau by Penney, but that Penney was to pay Robineau Two Hundred and Ninety-five Thousand Dollars over and above all amounts paid the receivers.

" True there is the proviso in section 7 that Penney should give ten days advance notice of intention to abandon purchase. *But this, as before stated, could* only form the basis of an action at law, if anything."

The court, however, considered the contract from another aspect, prefacing its observation with the following statement: " While it does not seem necessary, in view of what is stated above to pursue this discussion further there is still another interesting question presented, which is of sufficient importance to warrant consideration."

The court says: " The contract between Robineau and Penney was illegal because it deprived the estate being administered of practically half of its value, and sought to take from the estate that large amount which should be applied to the payment of obligations and put it in the pocket of speculators."

An examination of the proceedings in the lower court discloses the following record: " Mr. Stokes: I would like to make this inquiry: Is Mr. Penney before the court at all? Has he filed any paper here? The Court: Not that I know of. Mr. Stokes: Then he is not before the Court? Mr. Kay: Mr. Penney has made demand on the Receivers and the Receivers took it up with the Court. The Court: He has made a demand on the Receivers and the Receivers so reported it to me. Mr. Stokes: He has offered no evidence or made no petition to the Court. The Court: No, sir. Mr. Stokes: I want to understand how Mr. Penney gets before the Court today. The Court: You realize, gentlemen, I don't recognize these gentlemen at all. My dealings are with the Receivers and their attorneys. They came in here and presented a letter some time back in which Mr. Penney demanded the return of some money. That is incorported in the petition filed with me here on the 24th. Mr. Robineau told me once or twice,

and he is a member of the bar, and I granted him that courtesy, that he wanted to be heard. He said he wanted to be heard. Mr. Stokes: Yes, I think he is entitled to be heard. The Court: Now, I am giving him an opportunity to be heard. Mr. Stokes: Mr. Penney is before the Court on his letter to the Receivers."

In view of the nature of the proceeding, the nature of defendant's appearance and the fact that the question of illegality was not raised in any pleadings and for the first time in the brief of Penney on appeal and that it was unnecessary to the determination of the claim, I hold that the decision was not *res adjudicata.*

This was not an action between Penney and Robineau where the contract was directly involved and where a decision would be *res adjudicata.*

It was a special proceeding by receivers for instructions where the right to a deposit was decided and in which proceedings the court held that the depositor should receive the money without regard to the rights of the depositor and a claimant to the fund.

Motion denied.